UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CCM TOURING LLC,<br><br>                        Plaintiff,<br><br>v.<br><br>MOONBUG ENTERTAINMENT LIMITED,<br><br>*Defendant.*<br><br>MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO INC.,<br><br>    *Counterclaim Plaintiffs.*<br><br>v.<br><br>CCM TOURING LLC and S2BN ENTERTAINMENT CORPORATION,<br><br>    *Counterclaim Defendants.* | Case No. 1:23-cv-07116 (VSB)<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY) WITH RESPECT TO CANADIAN ENTITY AND WITNESS** |

**TO THE ONTARIO SUPERIOR COURT OF JUSTICE:**

     1.    The United States District Court for the Southern District of New York presents its compliments to the Ontario Superior Court of Justice, and respectfully requests international judicial assistance to compel the attendance of a Canadian resident at a sworn oral deposition to be used in civil proceedings before this Court in the above-captioned matter. This Court requests the assistance described herein as necessary in the interests of justice.

**I.      Summary of Action**

2.      The United States District Court for the Southern District of New York presents its compliments to the Ontario Superior Court of Justice, and respectfully requests international judicial assistance to compel the attendance of a Canadian resident at a sworn oral deposition to be used in civil proceedings before this Court in the above-captioned matter.  This Court requests the assistance described herein as necessary in the interests of justice.

3.      CCM Touring LLC ("CCM") filed the above-captioned civil action on August 11, 2023, alleging Moonbug Entertainment Limited ("Moonbug") breached the parties' Exclusive Live Tour and Merchandise Services and License Agreement ("Tour Agreement") dated February 5, 2021.  CCM filed its Amended Complaint on July 23, 2024 alleging the same.

4.      The Tour Agreement granted CCM limited IP licensing rights of Moonbug's hit children's show, "*CoComelon*."  Under the Tour Agreement, Moonbug licensed its CoComelon IP to CCM to allow CCM to "to develop, produce and present the Shows … for use and inclusion with the CoComelon Tour."  The Tour Agreement defines "Shows" and "CoComelon Tour" to mean the "live touring shows … based upon the animated series known as 'CoComelon'" that CCM puts on as part of the CoComelon Tour. The Tour Agreement also states that Moonbug reserved for itself any "rights not expressly granted" to CCM.

5.      After the parties executed the Tour Agreement, CCM announced the launch of "*CoComelon Live! JJ's Journey*" ("*CoComelon Live*"), which toured in the United States through December 2022.  In June 2023, Moonbug announced the launch of "*CoComelon Party Time*" ("*Party Time*").  *Party Time* offers character experiences in the U.S. and Toronto, Canada, where children get to meet various CoComelon characters with photo opportunities, story time, games, and coloring activities.

6. As alleged in CCM's pleading, CCM contends that *Party Time* infringed upon CCM's exclusivity rights under the Tour Agreement and prevented CCM from launching its planned Canadian leg of *CoComelon Live*. More specifically, CCM has alleged that it had "spent considerable time and effort planning and developing a 64-date Canada tour" of *CoComelon Live* with "Canadian touring partner," The Feldman Agency ("Feldman Agency"). According to the Amended Complaint alleged *Party Time*, "was crippling [to CoComelon Live]" and that Moonbug "sabotaged CCM's prospective ticket sales, merchandising, advertising, and profits by relicensing the best parts of CoComelon Live to a competing tour that cost less to attend," ultimately "forcing CCM to cancel its entire Canadian tour." CCM also attached as an exhibit to the Amended Complaint an email from the Feldman Agency's CEO, Jeff Craib, in which Craib states, "[w]e have a 64-date tour set and ready to go."

7. Moonbug filed its Answer and Affirmative Defenses to the Complaint on October 27, 2023, and filed its Answer and Affirmative Defenses to the Amended Complaint on August 7, 2024. Moonbug also asserted as a defense that the "claims asserted in the Complaint are barred in whole or in part because CCM has not sustained any cognizable injury as a result of Moonbug's conduct as alleged." Moonbug further filed its Counterclaim against CCM on August 7, 2024, for CCM's breach of the Tour Agreement, breach of the implied covenant of good faith and fair dealing, violation of the Lanham Act, copyright infringement, and violation of unfair competition laws.

8. Moonbug and CCM are now in the discovery stage of the litigation. Discovery so far has shown that the Feldman Agency has key information relating to CCM's claim for damages, and Moonbug's defense that CCM did not suffer damages. For example, in certain discovery responses, CCM stated that it "engaged the Feldman Agency to locate, source and

book venues across Canada, coordinate with production managers, and cast the show" and "worked closely with The Feldman Agency to develop a scaled-down version of CoComelon Live, suitable for touring in Canada (and other countries)." CCM further stated:

> CCM, together with a dedicated team at The Feldman Agency, worked on all aspects of the Canadian tour, including, without limitation, rescaling the production, revising the script, budgeting the tours, gathering venue availabilities and holds, working with local promoters to negotiate deal terms, building the tour book and routing, booking individual show costs and ticket scaling, researching venues, handling rental agreements with venues, finalizing the technical parameters, handling the VIP experience and merchandise, and other related actions needed to successfully execute a tour of CoComelon Live throughout Canada. The Feldman Agency also coordinated with forty-six (46) separate venues, eighteen (18) of which were capable of hosting two daily shows of CoComelon Live.

9. All of this makes The Feldman Agency and Mr. Craib central witnesses to the ongoing action between CCM and Moonbug.

## II. Assistance Requested

10. The assistance of the Ontario Superior Court of Justice in Toronto, Ontario, Canada, is requested because the evidence sought from a Canadian witness – Jeff Craib – is relevant to discovery in this case and necessary for use at trial. The evidence is not otherwise obtainable by this Court at trial through this Court's compulsory process because the witness is a Canadian resident and outside the subpoena power of this Court. Therefore, this Court respectfully requests that, in the interests of justice, the Ontario Superior Court issue appropriate orders, subpoenas, or other compulsory processes necessary to compel Mr. Craib to attend a sworn oral deposition.

11. This Court further requests that the Ontario Superior Court cause the deposition to be transcribed by a qualified court reporter, the transcript of the deposition to be authenticated, and delivered to counsel for all parties in this litigation. This Court requests that the parties be

permitted to have the testimony videotaped by a qualified videographer, and that the original transcript of the testimony and the videotapes be returned to the parties for retention and production at trial.

### III. Witnesses and Documents Requested

#### A. Instructions

12. This request calls for the testimony of a witness: Jeff Craib, CEO of The Feldman Agency.

#### B. Witnesses Requested

13. <u>Jeff Craib</u>

   Jeff Craib, CEO, The Feldman Agency
   33 Hazelton Ave 2nd Floor
   Toronto, ON M5R 2E3, Canada

14. Craib is the CEO of The Feldman Agency ("Feldman Agency") and is highly likely to possess knowledge of CCM's supposed 64-show tour, the expenses relating to this tour, and the alleged damages CCM suffered as a result of CCM's decision to cancel the tour. This Court therefore requests Craib's deposition under oath on the terms described above.

### IV. Rights Under U.S. Law

15. Under the laws of the United States, a party has a privilege to refuse to produce documents if to do so would disclose a confidential communication between the party and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. Other limited privileges on grounds not applicable here also exist, such as communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of

privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation.

### V.    Reimbursement For Costs

16.    Moonbug is willing to reimburse the Ontario Superior Court of Justice for its costs incurred in the execution of this Court's Letter Rogatory.

### VI.    Reciprocity

17.    In the furtherance of justice and by the proper and usual process of this Court, the United States District Court for the Southern District of New York assures the Ontario Superior Court of Justice that it is willing to provide similar cooperation and assistance to the Ontario Superior Court of Justice in the event that Canada requests similar assistance.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 42.

Dated: September 27, 2024

_____
The Honorable Vernon S. Broderick
United States District Court Judge