

**Carla M. Wirtschafter**
Direct Phone: +1 310 734 5253
Email: cwirtschafter@reedsmith.com

Reed Smith LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067-6078
+1 310 734 5200
Fax +1 310 734 5299
reedsmith.com

February 12, 2025

**VIA ECF**

Hon. Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl St., Courtroom 17A
New York, NY 10007-1312

Re: *CCM Touring LLC v. Moonbug Entertainment Ltd*, S.D.N.Y, Case No. 1:23-cv-07116

Dear Judge Figueredo:

We represent Defendant/Counter-Claimant/Third-Party Plaintiff Moonbug Entertainment Limited ("Moonbug") and Third-Party Plaintiff Treasure Studio Inc. ("Treasure Studio") (collectively, "Moonbug Parties"). On February 7, 2025, Plaintiff/Counter-Defendant/Third-Party Defendant CCM Touring LLC ("CCM") and Third-Party Defendant S2BN Entertainment Corporation's ("S2BN") (collectively, "CCM") filed its Motion for Preliminary Injunction and supporting Declaration of James Sammataro. On the same day, CCM filed an accompanying Letter Motion seeking leave to file its Memorandum of Law in Support of its Motion for a Preliminary Injunction, the supporting Declaration of James Sammataro and several of the exhibits annexed thereto under seal. (ECF No. 70). We submit this letter to explain the need to seal the exhibits and redact the quotes of and references to those exhibits.[1]

Specifically, CCM seeks to seal ten (10) exhibits (Exhibits 8, 9, 13, 14, 18, 21, 22, 23, 24, 25):

a. Exhibit 8 is an internal email sent between Moonbug's former Managing Director for North and South America to Moonbug's co-founder discussing a potential partner for the *CoComelon* tour, among other confidential items for other property shows.

b. Exhibit 9 is a Moonbug internal update email discussing to-do items for client strategy for various properties.

c. Exhibit 13 is a proprietary license agreement between Moonbug and its licensee, Faculty, pertaining to *CoComelon Party Time*.

---

[1] The Moonbug Parties interpret Judge Vernon S. Broderick's referral of general pretrial matters to Judge Valerie Figueredo (ECF. No 74) to apply to this Letter Briefing, and as such, file this brief pursuant to Judge Figueredo's Individual Practices In Civil Cases section I(a) and (g).

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Hon. Valerie Figueredo
February 12, 2025
Page 2



  d. Exhibit 14 is an email chain between Moonbug and Faculty concerning tour strategy and planning.

  e. Exhibit 18 is an email chain between Moonbug and Faculty concerning tour strategy and show content.

  f. Exhibit 21 is an internal Moonbug proprietary property development and strategy presentation.

  g. Exhibit 22 is an internal Moonbug email chain discussing strategy and approach to the *CoComelon Live!* Show, including profits and current status.

  h. Exhibit 23 is an internal proprietary performance overview of Moonbug's properties, and strategy for improving performance in the market.

  i. Exhibit 24 is an internal Moonbug email discussing the budget for Moonbug property experiences for 2023 and various factors influencing budget.

  j. Exhibit 25 is an internal Moonbug email discussing strategy and issues with the *CoComelon Live* tour.

*See* Declaration of Patrick Reese ("Reese Decl.") at ¶ 5.

  As CCM notes, all of these Exhibits have been marked "Confidential" as set forth in the parties' Confidentiality Stipulation and Protective Order (ECF No. 28). As explained in the declaration of Patrick Reese, who serves as the General Manager of *CoComelon* at Moonbug, the Exhibits at issue contain proprietary material essential to Moonbug's competitive position in the marketplace. *See* Reese Decl. at ¶ 6.

  Trade secrets such as Moonbug's strategy regarding the marketing and positioning of its properties are invaluable to Moonbug. These materials are also textbook examples of the content this Circuit has determined necessitates the additional protection of filing under seal. *See City of Phila. v. Bank of Am. Corp.*, No. 19-cv-1608 (JMF), 2022 U.S. Dist. LEXIS 220249, at *7-8 (S.D.N.Y. Dec. 5, 2022) ("Courts in the Second Circuit and the Southern District of New York have held that it is appropriate to seal commercially sensitive 'business information that might harm a litigant's competitive standing.'") (internal citations omitted); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 U.S. Dist. LEXIS 180995, at *5-6 (S.D.N.Y. Sept. 30, 2020) (granting motion to seal concerning commercially sensitive information, noting that courts routinely seal "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like" because "[n]on-public data of this nature is sensitive and potentially damaging if shared with competitors") (internal citations and quotations omitted); *Kidd v. Thomson Reuters Corp.*, 299 F. Supp. 3d 400, 408 (S.D.N.Y. 2017) (finding that exhibits would remain under seal because they were "proprietary, confidential, and commercially sensitive internal training materials") (citing *Tropical Sails Corp. v. Yext, Inc.*, No. 14-CV-7582 (JFK), 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. Apr. 12, 2016) (granting a motion to redact documents "relating to marketing and business development

Hon. Valerie Figueredo
February 12, 2025
Page 3

ReedSmith

activities [such] as sales training materials, internal marketing strategies, company marketing plans, and internal emails regarding marketing tests").

      Moonbug would be severely prejudiced if the Exhibits, which are confidential and contain proprietary information and trade secrets, and/or quotes or references to these documents were to be made available to the public, as it would allow Moonbug's competitors in the market to access this information, and use it to their advantage.  *See* Reese Decl. at ¶ 6.  Moonbug would be further prejudiced by this information becoming public if it is later subject to arguments that the documents themselves have lost their "confidential" status.

      Moonbug therefore requests that the Court allow CCM to file the above referenced exhibits under seal as well as redact their quoted/cited language in CCM's Request for Preliminary Injunction and accompanying materials in order to protect Moonbug's confidential, proprietary information and trade secrets and prevent any further prejudice that Moonbug would suffer should this information be made publicly available to its competitors.  *See* Reese Decl. at ¶ 6.

Respectfully Submitted,

_/s/ Carla M. Wirtschafter_
Carla M. Wirtschafter

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated:** 2/13/2025

Based on the standard set forth by the Second Circuit in <u>Lugosch v. Pyramid Co.</u>, 435 F.3d 110 (2d Cir. 2006), the Court finds that the letter motion to seal and the requests herein should be **GRANTED.**

The Clerk of Court is directed to permanently seal the documents at ECF Nos. 71 and 72.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 70.