

**Carla M. Wirtschafter**
Direct Phone:  +1 310 734 5253
Email:  cwirtschafter@reedsmith.com

Reed Smith LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067-6078
+1 310 734 5200
Fax +1 310 734 5299
reedsmith.com

February 21, 2025

**VIA ECF**

Hon. Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl St., Courtroom 17A
New York, NY 10007-1312

Re:    *CCM Touring LLC v. Moonbug Entertainment Ltd*, S.D.N.Y, Case No. 1:23-cv-07116

Dear Judge Figueredo:

We represent Moonbug Entertainment Limited ("Moonbug") and Treasure Studio Inc. ("Treasure Studio") (collectively, "Moonbug Parties").  We write pursuant to Your Honor's Individual Practices in Civil Cases sections I(a) and (g) to respectfully request leave to file the Moonbug Parties' Opposition to CCM Touring LLC's ("CCM") Motion for a Preliminary Injunction (the "Opposition"), the supporting Declaration of Carla M. Wirtschafter ("Wirtschafter Declaration") and certain of the exhibits annexed thereto, as well as the supporting Declarations of Jonathan Linden and Susan Vargo partially under seal.

*First*, the Moonbug Parties respectfully request that this Court permanently seal the supporting Declarations of Jonathan Linden and Susan Vargo, and the Opposition.  As explained in the accompanying Declaration of Patrick Reese, who serves as the General Manager of *CoComelon* at Moonbug, the Declarations contain proprietary information essential to Moonbug's competitive position in the marketplace, and any public access to them—including in the Opposition—would severely prejudice Moonbug.  *See* Reese Decl. at ¶ 6.

Trade secrets such as Moonbug's strategy regarding touring and positioning of its properties are invaluable to Moonbug.  These materials are also textbook examples of the content this Circuit has determined necessitates the additional protection of filing under seal.  *See City of Phila. v. Bank of Am. Corp.*, No. 19-cv-1608 (JMF), 2022 U.S. Dist. LEXIS 220249, at *7-8 (S.D.N.Y. Dec. 5, 2022) ("Courts in the Second Circuit and the Southern District of New York have held that it is appropriate to seal commercially sensitive 'business information that might harm a litigant's competitive standing.'") (internal citations omitted); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 U.S. Dist. LEXIS 180995, at *5-6 (S.D.N.Y. Sept. 30, 2020) (granting motion to seal concerning commercially sensitive information, noting that courts routinely seal "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like" because "[n]on-public data of this nature is sensitive and potentially damaging if shared with competitors") (internal citations and quotations omitted); *Kidd v. Thomson Reuters Corp.*, 299 F. Supp. 3d 400, 408 (S.D.N.Y. 2017) (finding that exhibits would remain under seal because they

Hon. Valerie Figueredo
February 21, 2025
Page 2

**ReedSmith**

were "proprietary, confidential, and commercially sensitive internal training materials") (citing *Tropical Sails Corp. v. Yext, Inc.*, No. 14-CV-7582 (JFK), 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. Apr. 12, 2016) (granting a motion to redact documents "relating to marketing and business development activities [such] as sales training materials, internal marketing strategies, company marketing plans, and internal emails regarding marketing tests").

Moonbug would suffer significant harm if the Declarations, which contain proprietary information concerning Moonbug and its touring partner Round Room's routing plans for the upcoming *CoComelon* North American tour, and/or quotes or references to these Declarations were to be made available to the public, as it would allow Moonbug's competitors in the market to access this information, and use it to their advantage. *See* Reese Decl. at ¶ 6.

*Second*, the Moonbug Parties respectfully request that this Court permit them to file the Wirtschafter Declaration and select exhibits annexed thereto under temporary seal pursuant to CCM's request that the exhibits remain confidential.

On February 21, 2025, the Moonbug Parties filed their Opposition. On February 19, 2025, the Moonbug Parties sent CCM a Meet and Confer Letter identifying the allegedly confidential exhibits and requesting that CCM provide input on its preference for sealing the documents, redacting them, or filing them publicly. A copy of the Meet and Confer Letter is attached hereto as Exhibit 1.

CCM responded requesting that the exhibits remain under seal pursuant to the Confidentiality Stipulation and Protective Order entered April 8, 2024 (Dkt. 24). Thus, to facilitate the Moonbug Parties' filing of the Opposition, and in accordance with Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, the Moonbug Parties have filed the Documents under temporary seal until this Court issues an Order regarding CCM's request.

Respectfully Submitted,

*/s/ Carla M. Wirtschafter*
Carla M. Wirtschafter

---

**MEMO ENDORSED**

[signature]
HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
Dated: 2/25/25

Based on the standard set forth by the Second Circuit in Lugosch v. Pyramid Co., 435 F.3d 110 (2d Cir. 2006), the Court finds that the letter motion to seal should be GRANTED. The Clerk of Court is directed to maintain the viewing restrictions on the documents at ECF Nos. 86, 88, 90, and 93.
The Clerk of Court is respectfully directed to terminate the motion at ECF No. 83.